**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ERMA L. WILKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3466 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | § § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Erma L. Wilkins has sued Deutsche Bank National Trust Company, the holder of her mortgagee agreements, asserting a claim of fraud. She alleges that Deutsche Bank made false representations to the 270th District Court of Harris County, Texas, in applying for and obtaining an order for foreclosure on her home. Deutsche Bank asserted a counterclaim for a declaratory judgment that it is entitled to foreclose. Deutsche Bank has also moved for judgment on the pleadings and for summary judgment, arguing that Wilkins failed to plead her fraud claim with particularity and that she has not identified evidence showing a factual dispute material to her fraud claim. Deutsche Bank also sought summary judgment on its counterclaim, arguing that the record evidence supports a reasonable inference that Wilkins is in default; that Wilkins received the proper notices and opportunity to cure the default; and that Wilkins has not identified evidence that could show otherwise. Wilkins responded, and Deutsche Bank replied. After careful review of the record, motion, response, reply, and applicable law, the court grants the motion for summary judgment, and enters final judgment by separate order. The reasons are explained in detail below.

**I.    Background**

In December 2003, Wilkins obtained a home mortgage loan for $110,400.00 from New

Century Mortgage Corporation to purchase a home in Friendswood, Texas. Wilkins signed a Promissory Note agreeing to repay the loan through monthly payments of $948.51 for 30 years. (Docket Entry No. 15-2 at 1–2). A failure to make the monthly payments on time would cause Wilkins to default. (*Id.* at 2). If Wilkins defaulted, New Century Mortgage could inform Wilkins in writing that if she did not pay the amount due by a certain date, her loan would be accelerated, requiring her to immediately pay the full loan balance. (*Id.*). To accelerate the loan, New Century Mortgage was to provide Wilkins at least 30 days to cure the default, starting from when the written notice was mailed or otherwise delivered. (*Id.*). Wilkins agreed that "[u]nless applicable law requires a different method," the notice would be sent to her home address by delivery or first-class mail. (*Id.* at 3).

New Century Mortgage secured the Note by obtaining a lien on her home. (Docket Entry No. 15-3). New Century Mortgage and Wilkins entered into a Security Agreement, creating the lien and specifying the procedures and circumstances under which New Century Mortgage was entitled to foreclose on Wilkins's home. The Security Agreement required Wilkins to make the monthly payments due under the Note. (*Id.* at 3). If Wilkins defaulted by failing to make those payments, the Security Agreement, like the Note, required New Century Mortgage to provide written notice and to give Wilkins at least 30 days to cure the default. (*Id.* at 13). The notice would "be deemed to have been given to [Wilkins] when mailed by first class mail or when actually delivered to [Wilkins's] notice address if sent by other means." (*Id.* at 10). The Security Agreement stated that New Century Mortgage did not have to accept "any payment or partial payment" that did not cure the default. (*Id.* at 4). If the default was not cured, New Century Mortgage could seek a court order for foreclosure. (*Id.* at 13).

In October 2015, New Century Mortgage assigned the Promissory Note and Security

2

Agreement to Deutsche Bank. (Docket Entry No. 15-5). The assignment was recorded in the real property records in the County of Salt Lake, Utah. (*Id.*). Deutsche Bank selected Select Portfolio Servicing, Inc., to service Wilkins's loan. (Docket Entry No. 15-8).

In June 2016, Select Portfolio Servicing sent a written notice of default to Wilkins's home address. (Docket Entry No. 15-6). The notice informed Wilkins that she was in default because she had not made payments since November 2013. (*Id.* at 2–3). She owed $31,652.50 in past-due payments, late fees, and interest. (*Id.* at 3). The default notice stated that Wilkins had until July 16, 2016, to cure the default. (*Id.*). If she did not cure by then, the notice stated, Deutsche Bank would accelerate Wilkins's loan and seek to foreclose. (*Id.*). A postal receipt showed that Select Portfolio Servicing sent the notice to Wilkins's home address by certified mail and that it was "Delivered, Left with Individual" on July 9, 2016, at 5:21 p.m. (*Id.* at 6).

In mid-August 2016, Deutsche Bank accelerated Wilkins's loan and a law firm, acting for Select Portfolio Servicing, sent Wilkins a written acceleration notice. The acceleration notice stated that "[p]ayment of past due monthly mortgage payments has not been received, although prior notice of default and intent to accelerate has been provided." (Docket Entry No. 15-7 at 1). The notice stated that Deutsche Bank had "elected to ACCELERATE the maturity of the debt" and "is proceeding to foreclose." (*Id.*). The notice informed Wilkins that she had a right to reinstatement, even after acceleration, and that she could sue "to assert the non-existence of a default." (*Id.* at 2). A postal receipt showed that the law firm sent the acceleration notice by certified mail and that it was delivered on August 24, 2016, at 8:02 a..m. (*Id.* at 4).

In December 2017, Deutsche Bank applied for "an expedited order allowing the foreclosure of a lien," TEX. R. CIV. P. 736.1(a), in the 270th District Court of Harris County, Texas. (Docket Entry No. 16-1). The application stated that Wilkins had missed "[a]t least 50 regular monthly

3

payments" and that "[t]he amount required to cure the default is $52,174.45." (*Id.* at 3). The application stated that "[n]otice to cure the default has been sent by certified mail to each person who is obligated to pay the underlying debt or obligation." (*Id.*).

In May 2018, the 270th District Court issued a final order granting the foreclosure application. (Docket Entry No. 16-2 at 3). In issuing this order, the 270th District Court found that Wilkins had failed to respond to the application, even though the "District Clerk [had] served [Wilkins] with citation on December 21, 2017." (*Id.*). Shortly after the order issued, Select Portfolio Servicing scheduled a foreclosure sale for September 4, 2018. (Docket Entry No. 16-3).

Before the foreclosure sale, in August 2018, Wilkins sued in the 164th District Court of Harris County, Texas, alleging that Deutsche Bank made false representations to the 270th District Court in applying for and obtaining the foreclosure order. (Docket Entry No. 1-4 at 2–4). Wilkins also alleged that she did not receive notice of the foreclosure sale, but she asserted no claims based on this allegation. (*Id.* at 4). Deutsche Bank answered, denying the allegations, raising affirmative defenses, and asserting a counterclaim for a declaratory judgment that it may foreclose. (Docket Entry Nos. 1-9, 7). Deutsche Bank removed the case based on diversity of citizenship. 28 U.S.C. § 1332.

Select Portfolio Servicing sent Wilkins a reinstatement quote in November 2018, informing her that, to reinstate the loan, she had to pay $68,598.51, which included $75.00 in returned-check fees. (Docket Entry No. 15-9 at 1). The quote stated that Wilkins could reinstate the loan by paying this amount by December 2, 2018. (*Id.*). She did not do so.

Deutsche Bank has moved for both summary judgment and judgment on the pleadings. (Docket Entry No. 15). Deutsche Bank argues that Wilkins has not identified evidence showing a factual dispute material to determining that it made no fraudulent representations in applying for and

4

obtaining the foreclosure order; that Wilkins has not pleaded her fraud claim with particularity; and that either the Texas statute of frauds or the economic-loss rule precludes her claim. (*Id.* at 1–2). Deutsche Bank submitted a number of documents, including: an affidavit of Select Portfolio Servicing's Docket Control Officer; the Promissory Note; the Security Agreement; the assignment from New Century Mortgage to Deutsche Bank; the default notice; the acceleration notice; and the reinstatement quote. (Docket Entry Nos. 15-1–15-12).

Wilkins responded, arguing that she pleaded fraud with particularity and that her affidavit, submitted with her response, showed a factual dispute material to deciding whether Deutsche Bank made misrepresentations to the 270th District Court. (*Id.* at 2–5). Wilkins's affidavit stated: "I was never served with the Application for an Expedited Order Under Rule 736." (Docket Entry No. 16-4 at 3). Her affidavit stated that Wilkins had not receive notice of the foreclosure sale. (*Id.*).

Deutsche Bank replied, arguing that Wilkins's affidavit fails to show a factual dispute material to her fraud claim. (Docket Entry No. 17). The parties' arguments are examined below.

## II. Legal Standard

"Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (quotation omitted); *see also* FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Savant v. APM Terminals*, 776 F.3d 285, 288 (5th Cir. 2014)). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of" the record "which it believes demonstrate the absence of a genuine issue of material fact.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

5

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating" that "there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). A fact is material if "its resolution could affect the outcome of the action." *Aly v. City of Lake Jackson*, 605 F. App'x 260, 262 (5th Cir. 2015) (citing *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)). "If the moving party fails to meet [its] initial burden, [the summary judgment motion] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 317 (5th Cir. 2016) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007).

**III.    Analysis**

Wilkins has alleged that Deutsche Bank misrepresented to the 270th District Court that she had been served with the application for foreclosure. In its final order, the 270th District Court expressly found that the District Court Clerk had served Wilkins with the foreclosure application. (Docket Entry No. 16-2 at 3). An entry in the 270th District Court's docket states that service was executed and returned in December 2017, five months before the District Court issued the final order.[1]

Wilkins has not identified evidence, except her own affidavit, supporting an inference that she did not receive service of the foreclosure application. "[A]n affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving." *C.R. Pittman Constr. Co., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011); *see Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, No. 17-30742, 2018 WL 4932716, at *5 n.35 (5th Cir. 2018) ("There is nothing wrong with self-serving affidavits and declarations, provided they are supported by the facts in the record. (quotation and alterations omitted)). But an "attempt to create a fact issue" by "relying on a conclusory and self-serving affidavit is on unsteady ground." *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 & n.49 (5th Cir. 2005). "[S]elf-serving affidavits, without more, will not defeat a motion for summary judgment." *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 F. App'x 306, 309 (5th Cir.

---

[1] A court "may take judicial notice of 'a document filed in another court to establish the fact of such litigation and related filings,' but generally cannot take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable." *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (per curiam) (alterations omitted) (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)); *see Blank v. Collin Cty.*, 710 F. App'x 203, 204 (5th Cir. 2018) ("A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom." (quotation omitted)). The court takes judicial notice of the filings and final order from the 270th District Court proceeding to establish the fact and result of that litigation, not to draw or adopt factual inferences.

2011) (citing *DIRECTV*, 420 F.3d at 531); *see also Spencer v. FEI, Inc.*, 725 F. App'x 263, 268 (5th Cir. 2018) ("A self-serving affidavit alone, though, will not defeat a motion for summary judgment."); *Ray v. Geo Grp., Inc.*, 547 F. App'x 443, 446 (5th Cir. 2013) ("[I]t is well settled that 'a self-serving affidavit, without more evidence, will not defeat summary judgment.'" (quoting *Sanchez v. Dall./Fort Worth Int'l Airport Bd.*, 438 F. App'x 343, 346–47 (5th Cir. 2011))).

Wilkins's unsubstantiated assertion that she did not receive service is not enough to give rise to a factual dispute in light of the 270th District Court's final order and docket entry, which both found that Wilkins was served, and the record evidence. She has placed her complaint's allegations into an affidavit, without pointing to evidence that supports those allegations. The record evidence undermines her allegations of no service. Because Wilkins has not identified evidence raising a factual dispute as to whether Deutsche Bank made misrepresentations to the 270th District Court in applying for and obtaining the foreclosure order, summary judgment is granted for Deutsche Bank as to her fraud claim.

Deutsche Bank asks the court for summary judgment on its counterclaim for "an order authorizing foreclosure and declaratory relief authorizing same." (Docket Entry No. 7 at 4). The 270th District Court has entered a final order that authorized Deutsche Bank to foreclose on Wilkins's property. (Docket Entry No. 16-2). That order was neither appealed nor otherwise challenged. It is a valid and enforceable order from a competent state court. This court may still grant the declaratory judgment that Deutsche Bank requests because, "[u]nder federal law, there is no rule against duplicative [declaratory] relief." *See Uretek (USA), Inc. v. Ureteknologia de Mexico S.A. de C.V.*, No. H-11-3060, 2013 WL 3280151, at *9 (S.D. Tex. June 27, 2013).

Wilkins has not answered the counterclaim, opposed the motion for summary judgment on the counterclaim, or identified evidence supporting a factual dispute material to whether Deutsche

Bank has a right to foreclosure. Wilkins alleged that she made the "required payments in order to be brought current" on her loan, but she has not identified evidence of these payments. Deutsche Bank has submitted the default and acceleration notices; the reinstatement quote; the Promissory Note and Security Agreement; and an affidavit from the Document Control Officer of Select Portfolio Servicing, stating that Wilkins was $68,598.51 behind in payments on December 2, 2018, before Wilkins's reinstatement option expired, and that Deutsche Bank had accelerated the loan. These documents support a reasonable inference that Deutsche Bank is entitled to foreclose Wilkins's property under the Promissory Note and Security Agreement. Wilkins alleged that she did not receive the foreclosure notice, but, again, she has identified no evidence of this, and the notice itself was addressed to her home and the record shows proof of service. And even if Wilkins did not receive the foreclosure notice, that sale did not occur. Select Portfolio Servicing will have to schedule a new sale and provide notice of that sale.

Summary judgment is granted for Deutsche Bank. Deutsche Bank's motion for judgment on the pleadings is denied as moot.

**IV. Conclusion**

Summary judgment is granted for Deutsche Bank. (Docket Entry No. 15). Final judgment is separately entered.

SIGNED on January 30, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge